## Eister v. New York Life Insurance Company

*Richard H. Klein* and *A. Francis Gilbert,* for plaintiff.
*Henry J. Sommer* and *Douglass D. Storey, for* defendant.

LESHER, P. J., November 16, 1936.—This is a procedure to show cause why an action of assumpsit by Frank C. Eister against New York Life Insurance Company should not be abated. No testimony was taken in support of this rule, but, from the pleadings and docket entries, the following facts appear which counsel for the parties litigant have practically agreed to accept as the facts in this case and which we accept as correct for the purpose of this rule.

On October 1, 1934, Stella K. Eister filed a written application with New York Life Insurance Company for a $1,000 life insurance policy. The insurance policy was to be dated and take effect as of September 3, 1934. A policy of insurance on the life of the said Stella K. Eister was duly executed and delivered to her, in which policy her husband, Frank C. Eister, was beneficiary.

The insured, Stella K. Eister, did not undergo a physical examination but signed a questionnaire as to her physical condition and prior medical history. The application for insurance was made on what is known as a "non-medical form."

The insured died at the Evangelical Hospital, Lewisburg, Union County, Pa., on August 4, 1935, after an appendicitis operation. On the following day the beneficiary, Frank C. Eister, filled out the proof of claim form to be filed with the defendant insurance company. After the receipt of the proof of claim, the defendant insurance company notified the beneficiary that upon investigation it was ascertained that the insured had made false and fraudulent statements in her application for insurance, and that she had consulted a physician between the time of the filing of her application and the delivery of the policy, which voided the same, and that, therefore, it had canceled the policy and returned to him a check for $26.98, the premium that had been paid, together with interest thereon. As the court understands, the beneficiary returned the check to the insurance company, but it again returned the check to the beneficiary, and he has retained the same.

The insurance policy in question contained the following clause: "This policy shall be incontestable after two years from its date."

It is definitely settled law in Pennsylvania that, in the case of an insurance policy having an incontestable clause, liability must be contested within the period established by the policy.

The insurance policy in question was dated September 3, 1934, and under the terms of the contract of insurance in this case it would be incontestable after September 3, 1936.

The beneficiary, prior to September 3, 1936, did not bring action on this policy. In other words, during the period in which the insurer had the right to contest its liability, the beneficiary took no action at law to enforce the policy.

It would appear very much to the court that the facts in this case come under the rule stated by Judge Cunningham in the case of Prudential Insurance Company of America v. Ptohides, 122 Pa. Superior Ct. 469, in

which the insurer or the beneficiary held back, preferring to wait, until the time for contest had expired. The insurance company, however, having in mind the fact that, if it allowed the two-year period to run, the policy would become incontestable, and, in the event of a suit for the collection of the same, it could not set up fraud in securing of the policy as a defense to the payment of the same to the beneficiary, on August 21, 1936, filed a bill in equity in the Court of Common Pleas of Snyder County against the said Frank C. Eister, alleging, inter alia, that the said policy was obtained by false and fraudulent answers by the insured upon her application for said insurance; and praying for a decree adjudging the said policy null and void.

Service was made upon the said plaintiff, and an appearance was entered for him by Richard H. Klein, and an answer to the said bill was filed. After the filing of the bill in equity, and after September 3, 1936, the beneficiary under the insurance policy, Frank C. Eister, brought an action of assumpsit in the Court of Common Pleas of Snyder County for the purpose of collecting the amount due on the said policy of insurance.

New York Life Insurance Company secured a rule to show cause why the action of assumpsit should not be abated, and the matter proceed for determination in the equity proceedings which it had instituted for the purpose of contesting its liability under the said policy of insurance.

Counsel for claimant contends that the action of assumpsit cannot be disturbed, and that defendant must file an affidavit of defense.

At the time of the argument of this case before the court, when counsel for plaintiff inquired from defendant as to whether or not fraud would be set up in securing the said policy of insurance, he admitted that he would oppose the same under the incontestable clause of the insurance policy.

We certainly cannot have two proceedings in court over practically the same matter. If the court were to set aside the equity proceeding and allow the action of assumpsit to proceed, defendant would not be able to set up any defense to the policy under the said incontestable clause, a period of two years having elapsed from the date of the same.

Plaintiff filed his proof of claim the day following his wife's decease, but did not institute suit for collection of the amount due under the policy until after the two-year period under the policy elapsed.

The court can draw no other conclusion than that plaintiff was waiting for the period of contestability to expire. Defendant, however, did all that could be done. New York Life Insurance Company had no remedy at law. Its only remedy was a bill in equity. It had given notice to the beneficiary under the policy that it would not pay the amount of the policy, returned the check for the amount of the premium paid, with interest, but the Superior Court, in the case of Prudential Insurance Company of America v. Ptohides, supra, held that mere notice to the insured or, in case of death, to the beneficiary, that the insurer intended to contest its liability upon a specific ground is not sufficient, but that an action at law must be started before the incontestable period arrives.

Judge Cunningham in the above case, stated at page 478:

"There can be no doubt that the present appellant has, by the filing of its bill within the time limited in the policy, instituted a valid contest of its liability to the beneficiary, in excess of the amount of the premiums received."

We feel that, under the circumstances, the insurance company did all that it was required to do and, in fact, the only thing that it could have done at the time.

Should it develop that the insurance policy in question was secured by fraud, as set forth in the bill in equity, the policy would have to be canceled. We feel, however,

that the action of assumpsit should be allowed to stand, at least, for the present, awaiting the determination of the bill in equity, but that all proceedings thereunder be stayed in the interim.

And now, November 16, 1936, the rule in this case is made absolute to the extent that this action of assumpsit is stayed pending the determination of the bill in equity.